IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| RICHARD BURKLEW, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>WESTROCK SERVICES, LLC, )<br>)<br>    Defendant. )<br>) | **CIVIL ACTION CASE NUMBER:**<br><br><br><br>**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY** |

## COMPLAINT

### JURISDICTION AND VENUE

1. This is an employment discrimination action in which Plaintiff Richard Burklew alleges Defendant WestRock Services, LLC ("WestRock"), violated the Age Discrimination in Employment Act ("ADEA") when it treated younger employees more favorably than him in assigning accounts and then terminated his employment on November 1, 2021.

2. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper because WestRock employed Burklew in Tuscaloosa, Alabama which is part of the Western Division of the Northern District of Alabama.

## PARTIES

4. Burklew is an adult resident of Tuscaloosa County in the State of Alabama.

5. WestRock is a Georgia limited liability company that does business within the Western Division of the Northern District of Alabama.

6. WestRock manufacturers paperboard, containerboard, consumer, and corrugating packaging.

7. WestRock employs over 50,000 employees in more than 300 operating and business locations in North America, South America, Europe, and Asia-Pacific.

## ADMINISTRATIVE REMEDIES

8. On April 25, 2022, Burklew filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). (Exhibit 1).

9. On or about November 16, 2022, the EEOC issued a Determination and Notice of Rights to Burklew providing him notice of his right to sue. (Exhibit 2).

10. Burklew filed this action within 90 days of the EEOC issuing him the right to sue.

11. Burklew timely initiated this action.

12. Burklew fulfilled all conditions precedent to the institution of this lawsuit.

## FACTUAL BACKGROUND

13. Burklew was born in 1964.

14. Rock-Tenn Company ("Rock-Tenn") hired Burklew in 2007.

15. Rock-Tenn recruited Burklew while he was the Vice President of Sales for Field Container, a competitor of Rock-Tenn in the foodservice industry.

16. Burklew brought to Rock-Tenn a career in nationwide sales in the industry.

17. Burklew was 43 years old at the time Rock-Tenn hired him.

18. Burklew replaced Eugene N. Peters.

19. Peters worked for Rock-Tenn from 1981 to 2007.

20. Rock-Tenn terminated Peters' employment when Peters was 55 years old.

21. Rock-Tenn offered Peters 19 weeks severance pay conditioned on signing a release of his rights under state and federal age discrimination laws.

22. Rock-Tenn refused to negotiate any significant term of the severance agreement.

23. Peters sued Rock-Tenn for age discrimination alleging he was terminated because of his age.

24. Peters alleged in his lawsuit that Rock-Tenn engaged in a pattern and practice of age discrimination.

25. In 2015, WestRock began operations following the completion of a combination of MeadWestvaco Corporation and Rock-Tenn.

26. In 2021, Burklew was WestRock's Regional Sales Manager in the Southeast.

27. Burklew met the qualifications to be WestRock's Regional Sales Manager.

28. WestRock terminated Burklew on November 1, 2021.

29. At the time of his termination, WestRock had not issued any discipline to Burklew.

30. At the time of his termination, WestRock had not issued any warnings or communications to Burklew that his performance placed his future with the company in jeopardy.

31. At the time of his termination, Burklew's performance was strong.

32. At the time of his termination, Burklew's sales for new accounts was among the highest in the division.

33. WestRock reassigned most of Burklew's accounts to substantially younger employees.

34. At the time WestRock terminated Burklew's employment, approximately 83% persons let go were over the age of fifty based on the information WestRock gave to Burklew.

35. WestRock had open and available opportunities for which Burklew was qualified when it terminated his employment.

36. WestRock did not offer Burklew any open or available opportunities within the company.

37. The only reason WestRock gave Burklew for his termination was that the company decided to eliminate his position as part of a reduction in force.

38. Because of the nature of Burklew's work, there would always be a need for the work he did for the company.

39. Burklew's accounts remained with WestRock.

40. WestRock reassigned Burklew's accounts and work to younger employees.

41. When WestRock informed Burklew it was terminating his employment, Burklew asked if performance was a criteria WestRock used in making the decision.

42. WestRock responded with an unequivocal "no."

43. WestRock did not give Burklew any reason as to why he was selected for termination.

44. WestRock offered Burklew a severance package where it would pay him fifteen weeks' pay contingent upon him releasing any employment discrimination claims he may have against WestRock.

45. Burklew declined the severance package.

46. Burklew complained to WestRock's Regional Human Resources manager, about age discrimination in an email.

47. WestRock did not modify its position.

48. At the time of his termination, WestRock's website advertised several open positions for which Burklew was qualified, including sales.

49. Burklew asked about his ability to go into one of those positions.

50. WestRock did not offer Burklew any open positions.

51. WestRock did not terminate substantially younger employees with less experience than Burklew.

52. At a national sales meeting, Burklew heard the Senior Vice President of Sales, Ken Seymour, comment that there were too many old, white men in industry and the company was going to do something about it.

53. Burklew observed Seymour engage in an exercise with the attendees to make a point that WestRock would be creating a younger workforce.

54. WestRock took accounts (such as Bojangels, Dodges, Chester Fried Chicken, Buds Best Cookies, and Tony Chachere's) away from Burklew and gave them to younger employees.

55. On another occasion, Burklew observed WestRock's president/CEO give a PowerPoint presentation called *Pathway to One* that promised hiring in specific demographics based on protected characteristics under federal law as opposed to focusing on an employee's ability.

56. Prior to his termination, on many occasions, managers for WestRock inquired about Burklew's age.

57. Prior to his termination, Burklew observed WestRock focus on hiring, retaining, and developing substantially younger employees to the detriment of older employees.

58. Burklew observed WestRock prioritize hiring and promoting employees in their twenties and thirties despite their lack of experience compared to older workers in the company and industry.

59. WestRock placed a substantially younger employee, Melissa Bye, in a supervisory role over Burklew.

60. Burklew had to explain basic information about key accounts and how products were made to Bye in order for her to do her job.

61. Burklew observed and experienced WestRock taking profitable and established accounts from older employees and giving the accounts to younger employees.

62. An example of WestRock assigning a profitable account to a younger employee over an older employee was when WestRock assigned the Publix Supermarkets baker account in Eutaw, Alabama to a younger employee with no practical experience.

63. Another example of WestRock showing favoritism to younger employees with respect to the assignment of accounts occurred when WestRock assigned the King's Hawaiian account to a younger employee with no experience in the folding carton business.

64. Burklew experienced and observed WestRock assigning other accounts to substantially younger employees as opposed to older employees with more experience.

## COUNT I
## DISPARATE TREATMENT
## IN THE ASSIGNMENT OF ACCOUNTS
## ADEA

65. For purposes of context, Burklew adopts and incorporates the facts set forth above.

66. WestRock treated employees who were substantially younger than Burklew better than him and other older employees (i.e. employees over the age of 50) in assigning accounts.

67. WestRock treated less experienced younger employees better than Burklew with respect to assigning accounts.

68. WestRock's disparate treatment of Burklew with respect to the assignment of accounts adversely affected his compensation, bonuses, and future with the company.

69. WestRock treated younger employees better than Burklew with respect to assigning accounts because of age.

70. Because of prior litigation, WestRock knew disparate treatment based on age violated federal law.

71. Despite knowing federal law prohibited discrimination against older employees, WestRock engaged in disparate treatment.

WHEREFORE, PREMISES CONSIDERED, Burklew requests this Court enter a judgment against Westrock under the ADEA pursuant to an Order by which this Court:

    a. Awards backpay damages;

    b. Awards liquidated damages;

    c. Awards nominal damages;

    d. Awards injunctive and equitable relief including, but not limited to, training, backpay, and modification of Burklew's personnel file(s);

    e. Awards that relief which is fair, reasonable, and just;

    f. Awards costs against Westrock including a reasonable attorney's fee.

## COUNT II
## TERMINATION
## ADEA

72. For purposes of context, Burklew adopts and incorporates the facts set forth above.

73. In November 2021, Burklew was in his late fifties.

74. On November 1, 2021, WestRock terminated Burklew.

75. WestRock reassigned Burklew's work to substantially younger employees.

76. WestRock terminated Burklew as part of its pattern of managing workers over the age of 50 out of the workplace to make its workforce younger.

77. WestRock terminated Burklew because of his age.

78. Because of prior litigation, WestRock knew terminating an employee because of his age violated federal law.

79. Despite knowing federal law prohibited terminating an employee because of his age, WestRock terminated Burklew's employment.

WHEREFORE, PREMISES CONSIDERED, Burklew requests this Court enter a judgment against Westrock under the ADEA, pursuant to an Order by which this Court:

    a. Awards backpay damages;

    b. Awards liquidated damages;

    c. Awards nominal damages;

    d. Awards injunctive and equitable relief including, but not limited to, training, backpay, reinstatement and/or reasonable front pay, and modification of Burklew's personnel file(s);

    e. Awards that relief which is fair, reasonable, and just;

    f. Awards costs against Westrock including a reasonable attorney's fee.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

Respectfully submitted,

/s/ Heather Newsom Leonard
Heather Newsom Leonard
ATTORNEY FOR PLAINTIFF

OF COUNSEL:

HEATHER LEONARD, PC
2105 Devereux Circle, Suite 111
Birmingham, AL 35243
(205) 977-5421
Heather@HeatherLeonardPC.com

**SERVE THE DEFENDANT VIA CERTIFIED MAIL:**

WestRock Services, LLC
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104